IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-51621
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE ANTONIO LARA-LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-324-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jorge Antonio Lara-Lopez appeals the 57-month sentence imposed following his guilty plea conviction for illegal reentry. His sentence is within the applicable guideline range.

Although Lara-Lopez initially argued that the presumption of reasonableness accorded by this court to sentences within the guideline range violated United States v. Booker, 543 U.S. 220 (2005), in his reply brief he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes that the argument is confuted by the Supreme Court's recent decision in Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (holding that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"). He argues, however, that the district court did not sufficiently explain its reasons for rejecting mitigating factors that he contends justified a below-guideline sentence.

Lara-Lopez has failed to show that his sentence is unreasonable. Immediately before the district court sentenced Lara-Lopez, his counsel expressly argued that Lara-Lopez was entitled to a below-guideline sentence on the basis of his close ties to the United States and because his sentencing range was unduly high given the nature of his prior offenses. The circumstances thus make clear that the district court sufficiently considered Lara-Lopez's arguments. See Rita, 127 S. Ct. at 2469 ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). Moreover, because the district court imposed a sentence within the guidelines range, this court infers that the district court considered the necessary sentencing factors. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Lara-Lopez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate," United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202),and Lara-Lopez concedes the foreclosure.

AFFIRMED.