IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50557
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEONARDO ARAGON-REYNA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-13-ALL

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leonardo Aragon-Reyna (Aragon) appeals his sentence of sixty months imposed for his illegal reentry into the United States after having been removed following a felony conviction. In a prior appeal to this court, Aragon argued that his prior conviction was improperly characterized as an aggravated felony in calculating his guidelines range sentence, and the Government agreed in light

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Supreme Court's recent ruling in Lopez v. Gonzales, 127 S. Ct. 625 (2006). In light of the Supreme Court's holding, we agreed with the parties, vacated Aragon's sentence, and remanded the case to the district court. On remand, Aragon's revised guidelines range was calculated as twenty-one to twenty-seven months of imprisonment, and the district court resentenced Aragon to sixty months of imprisonment, to be followed by three years of supervised release.

Aragon contends that his above-guidelines sentence was unreasonable because the district court "ignored" the recalculated recommendation under the Guidelines and because the district court gave too much weight to Aragon's criminal history when that same criminal history had already been factored into the guidelines range. Because the district court here did not indicate that it was upwardly departing or reference a Guidelines upward departure provision, we treat the sentence as a nonguidelines sentence. See United States v. Armendariz, 451 F.3d 352, 358 n. 5 (5th Cir.2006).

Aragon's claim that the district court "ignored" the Guidelines on remand is belied by the court's detailed explanation of the above-guidelines sentence. The district court adopted a four-page order explaining its decision to impose a sentence above the guidelines range. In addition, the court expressly noted that the Guidelines were advisory, and it used the range it had calculated as a frame of reference. The court properly considered aspects of Aragon's criminal history that were undervalued or not reflected in his guidelines calculation, especially his multiple arrests for various crimes and the pace of his criminal activity in such a short time span during his unlawful presence in the United States. The district court, citing 18 U.S.C. § 3553(a), found that a sixty-month term of imprisonment was necessary, "considering the nature and circumstances of this defendant's conduct" and "his complete disregard for the laws of the United States, to afford adequate deterrence to his criminal activity and protect the public from this defendant's further conduct." In light of the district court's detailed justification for its above-guidelines sentence and Aragon's criminal

2

history, we affirm the sixty-month sentence imposed as reasonable.  See Gall v. United States, 128 S. Ct. 586, 596-601 (2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Aragon challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995).  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

AFFIRMED.