# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2014

Lyle W. Cayce
Clerk

No. 13-51042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEASAR LIMON-PACIAS, also known as Cesar Limon-Pasillas, also known as Cesor Limon P., also known as Pacias Ceaser Limon, also known as Jesus Culler, also known as Jesus J. Carreron, also known as Cesar P. Limon, also known as Cesar Pasillas-Limon, also known as Jesus Montalvo-Cuellar, also known as Cesar Ivan, also known as Cesar Limon, also known as Cesar Pasilla, also known as Jose Rivera, also known as Jesus Carreon, also known as Jesus Cuellar Montalvo, also known as Jose Culler, also known as Cesar Limon P., also known as Cesar Limon-Pacias,,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-356-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51042

Ceasar Limon-Pacias appeals the sentence imposed following his guilty-plea conviction of violating 8 U.S.C. § 1326 by being found in the United States without permission, following removal.  He contends that his sentence violates due process because it was enhanced under § 1326(b)(2) based on a prior conviction that was not charged in the indictment.  Limon-Pacias acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States,* 523 U.S. 224, 226-27 (1998), but raises the issue to preserve it for further review.  He contends that the Supreme Court is likely to revisit its decision, which has been cast into doubt by *Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

In *Almendarez-Torres*, the Supreme Court held that § 1326(b)(2)'s enhancement provision was a sentencing factor and not a separate criminal offense which must be alleged in the indictment and submitted to a jury to be proved beyond a reasonable doubt.  *Almendarez-Torres*, 523 U.S. at 235.  Although the Supreme Court has expressed some doubt as to whether *Almendarez-Torres* was correctly decided, it has declined to revisit that decision.  *See Alleyne*, 133 S. Ct. at 2160 n.1; *Apprendi*, 530 U.S. at 489-90.  Because *Almendarez-Torres* remains binding precedent, Limon-Pacias's argument is foreclosed.  *See United States v. Wallace,* No. 12-51192, ___ F.3d ___, 2014 WL 3558003, at 9-10 (5th Cir. July 18, 2014); *United States v. Pineda-Arrellano,* 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.