# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MARTINEZ-GONZALEZ,

Defendant-Appellant

Cons. w/ No. 17-50300

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MARTINEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-979-1
USDC No. 2:16-CR-1029-1

No. 17-50253
c/w No. 17-50300

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

David Martinez-Gonzalez appeals the 27-month within-guidelines sentence and three-year term of supervised release imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2), and the 13-month sentence imposed following the revocation of his supervised release for another illegal reentry offense. He argues that his new illegal reentry sentence violates due process because it exceeds the statutory maximum sentence allowed by § 1326(a). Specifically, he argues that a prior conviction that enhances a sentence under § 1326(b) must be alleged in the indictment and proved to a jury. He correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). However, he seeks to preserve the issue for possible Supreme Court review.

The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief. Because Martinez-Gonzalez's argument is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.