# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALONSO LOPEZ-FUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-35-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Jorge Alonso Lopez-Fuentes appeals the 36-month, above-guidelines sentence and three-year term of supervised release that he received after pleading guilty to illegally reentering the country after he had been deported. For the first time on appeal, he argues that before the sentence enhancements described in 8 U.S.C. § 1326(b) could be applied to him, the Government was required to charge in the indictment and either prove to a jury or secure his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admission as part of a guilty plea that he had a previous conviction of a felony or an aggravated felony. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); however, he seeks to preserve it for future review.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Lopez-Fuentes is correct that his argument is foreclosed.

Accordingly, the motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.