# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALONSO ERNESTO VELO-CANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-22-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Alonso Ernesto Velo-Cano appeals the 48-month above-guidelines sentence and 3-year term of supervised release imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He argues that his previous conviction of a felony or an aggravated felony must be charged in the indictment and either proven to a jury or admitted as part of a guilty plea before the statutory sentence enhancements of § 1326(b) may be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11047

applied. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); however, he seeks to preserve the issue for possible Supreme Court review.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Velo-Cano's argument is foreclosed.

Accordingly, appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.