# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50298
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ARMANDO CRUZ-COLOCHO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-101-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Victor Armando Cruz-Colocho appeals the above-guidelines 60-month sentence he received following his guilty plea conviction for illegal reentry. He renews his argument that the statutory maximum sentences applicable under 8 U.S.C. § 1326(b) do not apply in his case because his indictment did not allege any prior felony conviction, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50298

and *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013). As he concedes, however, the argument is foreclosed. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007); *see also United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).

For the first time on appeal, Cruz contends that the district court erred in assessing six criminal history points for his 2005 Texas convictions for aggravated robbery and cocaine possession. His failure to object to the alleged error in his criminal history score results in review for plain error only. *See United States v Soza,* 874 F.3d 884, 889 (5th Cir. 2017). To prevail on plain error review, Cruz must demonstrate (1) a forfeited error, (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, this court may, in its discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

According to Cruz, the PSR shows that the sentences for his aggravated robbery and cocaine possession convictions were imposed on the same day, the offenses were not separated by an intervening arrest, and they should have been treated as a single sentence under U.S.S.G. § 4A1.2(a)(2). He acknowledges that the PSR lists the arrest date for his aggravated robbery as April 12, 2005, and lists the arrest date for his cocaine possession as April 21, 2005, but he urges that the factual recitation regarding his cocaine possession offense demonstrates that he was in fact arrested for both offenses on April 21, 2005.

Even if the issue were reviewable, Cruz has failed to carry his burden of demonstrating clear or obvious error. *See Puckett*, 556 U.S. at 135. Cruz has

No. 17-50298

not attempted to supplement the record with his arrest records, and he has not presented any evidence to show that his aggravated robbery and cocaine possession offenses were separated by an intervening arrest. He has thus demonstrated only a potential discrepancy between the date listed for his arrest for aggravated robbery and the factual recitation of events surrounding his arrest for cocaine possession. The question is subject to reasonable dispute and therefore does not establish clear or obvious error. *See Puckett*, 556 U.S. at 13.

Accordingly, the district court's judgment is AFFIRMED.