# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2018

Lyle W. Cayce
Clerk

Consolidated with 18-50008

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MIGUEL ANTONIO URQUIA-MELENDEZ,

      Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-290-1
USDC No. 2:16-CR-1604-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

      Miguel Antonio Urquia-Melendez appeals his guilty-plea conviction for illegal reentry following a prior deportation, in violation of 8 U.S.C. § 1326, and his resulting 48-month sentence. He also appeals the concomitant revocation of his supervised release related to a prior conviction for illegal reentry.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50007
c/w No. 18-50008

Raising one issue, Urquia-Melendez argues that because his indictment did not specify the prior felony conviction that formed the basis of his sentencing enhancement, his sentence, imposed under 8 U.S.C. § 1326(b)(1), exceeded the two-year maximum sentence under § 1326(a) and therefore violated his due process rights. The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government argues, and Urquia-Melendez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Urquia-Melendez's appeal from the revocation of his supervised release was consolidated with the instant appeal. He has not, however, raised any argument with respect to these proceedings. Any such claim is thus deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The Government's motion for summary affirmance is GRANTED, and the district court's judgments are AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED.