# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTEMIO MIRANDA-MANUEL, also known as Manuel Valdez, also known as Arthur Hernandez Manuel, also known as Jesus Renteria Estrada, also known as Manuel Hernandez, also known as Antonio Miranda Manuel, also known as Artemio Miranda-M, also known as Jesus Renteria, also known as Arturo Valdez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CR-98-1

Before HIGGINBOTHAM, ELROD and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Artemio Miranda-Manuel appeals the 30-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after having been previously deported.  He argues that his indictment did not allege

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50489

that he had a prior conviction and that, therefore, his sentence under 8 U.S.C. § 1326(b) violates his due process rights by exceeding the two-year statutory maximum provided by § 1326(a).  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.  The Government has moved for summary affirmance, urging that the issue is foreclosed.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Miranda-Manuel's argument is foreclosed, and summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's unopposed motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.