# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2019

Lyle W. Cayce
Clerk

No. 18-11374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO TAJONAR CORTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-212-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Gerardo Tajonar Cortes appeals the 37-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after removal from the United States. He argues that his indictment alleged only those facts sufficient for a conviction under 8 U.S.C. § 1326(a) and did not include any allegations of a prior conviction necessary for a sentence under § 1326(b)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11374

According to Cortes, his sentence under § 1326(b)(1) violates his due process rights by exceeding the two-year statutory maximum imposed by § 1326(a).  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for further review.  The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and in the alternative, a motion for an extension of time to file a brief.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Cortes's argument is foreclosed and summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.