*625 EDITH H. JONES, Chief Judge:
Agustín Pineda-Arrellano (“Pineda”) appeals his guilty plea conviction and sentence for illegal reentry. Pineda argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the courts treat a defendant’s prior felony conviction as a statutory ground for a sentencing enhancement rather than as an element of the offense, which, pursuant to the Sixth Amendment, should be presented to the jury. Pineda’s case is one of hundreds, if not thousands, in this circuit in which counsel have raised this constitutional challenge. We take this opportunity to state that this issue no longer serves as a legitimate basis for appeal.
Pineda makes the familiar contention that Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule it in light of the subsequent decision in Apprendi. We have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding precedent until and unless it is officially overruled by the Supreme Court. See, e.g., United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.2005). Pineda properly concedes that his argument is foreclosed by Almendarez-Torres and circuit precedent, but he nevertheless raised it as his sole appellate issue to preserve it for Supreme Court review.
This court has patiently entertained the identical argument in countless cases. Now, however, a majority of the Supreme Court has reaffirmed Almendarez-Torres in James v. United States, - U.S. -, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), stating that “we have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes.” Id. at 1600 n. 8 (citing Almendarez-Torres ). Because the Supreme Court treats Almendarez-Torres as binding precedent, Pineda’s argument is fully foreclosed from further debate. That James interpreted the Armed Career Criminal Act is not a distinguishing feature from the illegal reentry statute under which this appellant was convicted, because both statutes enhance a defendant’s punishment on account of certain prior felony convictions. Moreover, the Supreme Court’s acknowledgment in footnote eight that James stipulated to a prior offense does not detract from the force of its simultaneous reliance on Almendarez-Torres. We lower courts are not empowered to deconstruct such clear statements of governing authority by the Supreme Court. See also United States v. Grisel, 488 F.3d 844, 845-46, 2007 WL 1599009, at *1 (9th Cir.2007) (en banc) (noting that Almendarez-Torres has never been overruled but has been applied repeatedly by the Supreme Court, most recently in James); United States v. Davis, 487 F.3d 282, 287-88 (5th Cir.2007) (noting, after James, that the Apprendi Court “explicitly refrained from overruling AT mendarez-Torres”).
The dissent takes issue with our view that James has closed the book on reconsideration of Almendarez-Torres. The Supreme Court’s decision is hardly surprising, however. Despite the dissent’s overstated claim that we are denying future defendants their appeal rights, few issues have less merit for a defendant than the potential overruling of Almendarez-Torres—and defense counsel are well aware of this. If Almendarez-Torres were overruled based on Apprendi, prior felony crimes that could serve as the basis for sentence enhancements would have to be proven to a jury beyond a reasonable doubt. No defendant wants such an issue *626 before the jury! The carefully drafted restrictions on evidentiary admission of prior offenses (Fed.R.Evid.404(b)) emphasize the inherent prejudice in placing a defendant’s criminal record before a jury. Justice Stevens acknowledged these realities when, pre-James, he stated that his disagreement with Almendarez-Torres “is not a sufficient reason for revisiting the issue”:
The denial of a jury trial on the narrow issues of fact concerning a defendant’s prior conviction history ... will seldom create any significant risk of prejudice to the accused. Accordingly, there is no special justification for overruling Almendarez-Torres. Moreover, countless judges in countless cases have relied on Almendarez-Torres in making sentencing determinations. The doctrine of stare decisis provides a sufficient basis for the denial of certiorari in these cases.
Rangel-Reyes v. United States, - U.S. -, 126 S.Ct. 2873, 2874, 165 L.Ed.2d 910 (2006)(statement of Justice Stevens respecting the denial of petition for writ Of certiorari).
One might ask, then, why so many defendants in this circuit have pursued reconsideration of Almendarez-Torres. Probably because, like the mountain, it’s there, and it doesn’t fit with the, logic of Apprendi. Defense counsel may also perceive some marginal tactical benefit in placing any roadblock in the way of expeditious conviction or punishment. No mat: ter what the underlying rationale may have been for challenging Almendarez-Torres “to preserve the issue for further review,” it is time to admit that the Supreme Court has spoken. In the future, barring new developments in Supreme Court jurisprudence, arguments seeking reconsideration of Almendarez-Torres will be viewed with skepticism, much like arguments challenging the constitutionality of the federal income tax.[1] It would be prudent for appellants and their counsel not to damage their credibility with this court by asserting non-debatable arguments.
Based on the foregoing, Pineda’s conviction and sentence are AFFIRMED.

. Who doubts that if, instead of receiving hundreds of Almendarez-Torres briefs each year,- this court received a similar number of income tax protestor appeals, we would hesitate to limit these meritless filings?