IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-41641
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OCIEL ENRIQUE SALINAS-CAMPOS, also known as Ociel E Salinas

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-652-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ociel Salinas-Campos appeals his guilty-plea conviction and 37-month sentence for unlawful reentry following removal from the United States. Salinas asserts that the district court erred by enhancing his sentence pursuant to Sentencing Guideline § 2L1.2(b)(1)(B), based on the determination that Salinas' prior Texas conviction for possession with intent to deliver cocaine is a "drug-trafficking offense" under that Guideline. Salinas contends Texas law defines a "delivery" to include an "offer to sell," which is conduct that is not punishable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the Controlled Substances Act.   TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(8), 481.112(a).

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose.  Gall v. United States, 128 S. Ct. 586, 596 (2007).   In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error.  E.g., United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Salinas' indictment and judgment for his prior conviction, which were included in the district court record, establish he pleaded guilty to an indictment charging him with knowing and actual possession of cocaine with intent to distribute.  Because Salinas admitted to conduct which expressly constitutes a drug-trafficking offense under § 2L1.2, the district court did not err in enhancing his sentence.  See United States v. Ford, 509 F.3d 714, 717-18 (5th Cir. 2007).

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Salinas challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.