# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-50172
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ENRIQUE SERNA-TORRES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2572-ALL

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Enrique Serna-Torres appeals his guilty plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court erred when it enhanced his sentence pursuant to § 1326(b)(1) and U.S.S.G. § 2L1.2(b)(1)(D) because the Government failed to establish beyond a reasonable doubt that he had a prior felony conviction. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time in which to file a brief on the merits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent Serna-Torres argues that his prior felony conviction must have been pleaded in the indictment and proved beyond a reasonable doubt, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

To the extent Serna-Torres argues that the Government failed to establish a sufficient evidentiary basis for the sentencing enhancement, he has failed to show plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). The presentence report (PSR) provided that Serna-Torres was removed to Mexico on July 20, 2004, subsequent to his conviction on September 21, 2001, for the felony offense of illegal reentry. The PSR also provided that the § 2L1.2(b)(1)(D) enhancement was based on this prior felony conviction. At sentencing, Serna-Torres agreed with the guideline calculation set forth in the PSR, and the district court adopted the PSR without change. Therefore, the Government proved by a preponderance of the evidence that Serna-Torres's prior removal was subsequent to his felony conviction for illegal reentry, and the district court did not err when it enhanced his sentence pursuant to § 1326(b)(1) and § 2L1.2(b)(1)(D). See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.