**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-40151
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO GRANADOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-172-ALL

Before KING, STEWART, and HAYNES[*], Circuit Judges.

PER CURIAM:[**]

Ricardo Granados appeals the sentence imposed following his jury trial conviction for being illegally present in the United States after having been deported. Granados argues for the first time on appeal that the district court erred in applying the sentence enhancement provision of 8 U.S.C. § 1326(b)(1) after finding him guilty of violating only § 1326(a). He argues that the Government was required to prove to the jury beyond a reasonable doubt that

---

[*]Concurring in the judgment only.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he violated § 1326(b)(1) because that provision was alleged specifically in the indictment. He notes that the jury could not have found him guilty of the offense alleged in the indictment because the district court did not explain in its instructions to the jury that a prior felony conviction was an element of the charged offense. We review for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1427-29 (2009).

In *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 239 (1998), the Supreme Court concluded that the felony and aggravated felony provisions of § 1326(b) did not establish separate criminal offenses but instead set forth sentencing factors for a § 1326(a) offense, i.e., the Court concluded that the fact of a prior conviction did not constitute an element of a crime under § 1326(a). The Court subsequently held in *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000), that facts that are used to enhance the penalty for a crime beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, relying on *Almendarez-Torres*, the Court expressly established an exception for enhancement factors based upon the fact of a prior conviction. *Id.*; *see also United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007) (holding in light of *Apprendi* that this court was bound by *Almendarez-Torres* to conclude that a prior felony conviction is a sentencing factor rather than an element of a § 1326(a) offense that must be presented to the jury).

Because the felony provisions of § 1326(b) represent sentencing factors rather than separate offenses or elements of the offense under § 1326(a), the Government is not required at trial to present evidence of a prior conviction to establish a violation of § 1326(a) or to secure an enhancement under § 1326(b). A defendant will be subject to a sentence enhancement under § 1326(b) even if the indictment neither alleges the existence of a prior felony offense nor references the felony provisions of § 1326(b). *See Apprendi*, 530 U.S. at 489-90; *Almendarez-Torres*, 523 U.S. at 235, 239. Although the Government alleged the

existence of a prior felony conviction, the commission of a prior felony is not an element of the substantive § 1326(a) offense with which Granados was charged. The Government's inclusion of a factor that was beyond the elements of the crime alleged in the indictment was mere surplusage and did not need to be proved or addressed in the jury instructions. *See United States v. Miller*, 471 U.S. 130, 144 (1985) (holding that part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored).

Accordingly, the judgment of the district court should be AFFIRMED.