# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

No. 13-60225
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO REESE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-103-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Antonio Reese appeals the concurrent 78-month sentences for distribution of crack cocaine that were imposed after we remanded his case for resentencing in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012). *Dorsey* held that the sentence reductions of the Fair Sentencing Act (FSA) applied to defendants like Reese who were sentenced after the FSA's effective date. *Dorsey*, 132 S. Ct. at 2329-31. At resentencing, the parties and the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court agreed that no count of conviction involved the 28 grams or more of crack cocaine needed to trigger any post-FSA mandatory minimum sentence and that the total amount of crack relevant to guideline sentencing was 55.5 grams. The proper revised sentencing range was 78 to 97 months, and the court sentenced Reese at the bottom of that range.

Reese says that he should have been sentenced to less than 78 months, but he concedes that he does not know what the sentencing range should be. He suggests vaguely that the sentence should be based on some unspecified new recalculation of the ratio of crack cocaine to powder cocaine. However, as the Supreme Court clearly explained in *Dorsey*, the FSA "had the effect of lowering the [previous] 100-to-1 crack-to-powder ratio to 18-to-1." *Dorsey*, 132 S. Ct. at 2329. This is the ratio Reese asked for and received at resentencing through the application of the FSA. Reese overlooks or ignores that his FSA sentence already reflects the reduced crack-to-powder ratio that he appears to seek on appeal.

Reese's cryptic argument about the crack-to-powder ratio lacks any arguable basis in fact or law and is therefore frivolous. *See United States v. Pineda Arrellano*, 492 F.3d 624, 630 (5th Cir. 2007) (explaining what makes an appeal "frivolous"). Accordingly, the appeal is DISMISSED as frivolous. 5TH CIR. RULE 42.2