# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

No. 11-51121
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS FUENTES-ULLOA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1385-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Fuentes-Ulloa challenges his guilty-plea conviction for illegal reentry under 8 U.S.C. § 1326.  For the first time on appeal, he contends his enhanced sentence under § 1326(b)(2) (removal following aggravated-felony conviction) must be vacated because his indictment failed to allege, and the Government failed to prove, his prior aggravated-felony conviction.  Fuentes maintains, following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne*

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. United States*, 133 S. Ct. 2151 (2013), his prior conviction, which increased his maximum sentence from two to either 10 or 20 years, is a fact essential to the penalty and is therefore an element of the offense.

Because Fuentes raises the issue for the first time on appeal, review is only for plain error. For reversible plain error, Fuentes must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* Fuentes fails, however, to show any error.

In *Apprendi*, the Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt". 530 U.S. at 490. Because it created an exception for prior convictions, *Apprendi* did not overrule *Almendarez-Torres v. United States*, which held § 1326(b)(2) was a sentencing factor, rather than an element of the offense, and, thus, need not be alleged in the indictment. *Id.* at 489-90; *Almendarez-Torres*, 523 U.S. 224, 226-27 (1998). "This court has patiently entertained the identical argument in countless cases. . . . [however, b]ecause the Supreme Court treats *Almendarez-Torres* as binding precedent, [Fuentes'] argument is fully foreclosed from further debate". *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

In *Alleyne*, the Supreme Court extended *Apprendi*'s reasoning to statutory minimum sentences, holding: "Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt". *Alleyne*, 133 S. Ct. at 2158. The

No. 11-51121

Supreme Court specifically noted, however, that its decision did not revisit the *Almendarez-Torres* exception. *Id.* at 2160 n.1.

AFFIRMED.