# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2014

Lyle W. Cayce
Clerk

No. 13-41278
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO BELMAN-HUIJON, also known as Antonio Belman-Huigon, also known as Antonio Huigon-Belmon, also known as Gerardo Carrillo Perez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-620-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Antonio Belman-Huijon ("Belman") pleaded guilty to having been unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326. The district court departed below the advisory guidelines range and sentenced him to 24 months of imprisonment. Belman appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41278

Belman renews his assertions that the district court's application of the enhancement provision of U.S.S.G. § 2L1.2 violates the Constitution's guarantee of equal protection, as well as the Eighth Amendment's prohibition against cruel and unusual punishment.   However, the enhancement of Belman's sentence under § 2L1.2(b)(1)(A) did not violate his right to equal protection of the law. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).  Additionally, his below-guidelines sentence is not grossly disproportionate to his offense such that it violates the Eighth Amendment. *See id.*

In addition, Belman maintains that the two-year statutory maximum sentence of § 1326(a) applies to him and that his sentence is unconstitutional because the convictions used to enhance his sentence were not alleged in his indictment.   As Belman acknowledges, his argument is foreclosed by *Almendarez-Torres v United States*, 523 U.S. 224, 226-27 (1998). *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.