# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ORTEGA-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-210-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Ortega-Ortiz appeals the 27-month sentence imposed following his guilty plea conviction for illegal reentry. He argues that he was convicted of an offense under 8 U.S.C. § 1326(a), and not under subsection (b), because the indictment did not allege that he was previously removed subsequent to a prior conviction, and he did not admit to such a conviction when he entered his guilty plea. Accordingly, he argues that his sentence is unconstitutional because it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceeds the statutory maximum sentence of two years under Section 1326(a). He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239–47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 133 S. Ct. 2151 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Ortega-Ortiz's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.