# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO CAUICH-GAMBOA, also known as Marco Antonio Arce Araico,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-345-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio Cauich-Gamboa appeals the 30-month above-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He argues that although 18 U.S.C. § 1326(a) and (b) set forth different statutory maximum sentences based on criminal history, this factor is considered as a sentencing factor rather than an element of the offense. Cauich-Gamboa asserts that because his sentence exceeds the two-year statutory maximum of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10096

§ 1326(a), it violates due process.  He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review  because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 133 S. Ct. 2151 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Cauich-Gamboa's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.