# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11549
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 7, 2018
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO CASTRO-CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-14-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Marco Antonio Castro-Contreras appeals the 51-month sentence imposed by the district court following his guilty-plea conviction for illegal reentry. Although this sentence falls within the guidelines range in effect on the date of his sentencing, Castro-Contreras asserts that the sentence is procedurally and substantively unreasonable

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11549

because the district court did not consider then-pending amendments to U.S.S.G. § 2L1.2.

As Castro-Contreras raises these arguments for the first time on appeal, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "A sentencing court must apply the version of the sentencing guidelines effective at the time of sentencing unless application of that version would violate the *Ex Post Facto* Clause of the Constitution." *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); 18 U.S.C. § 3553(a)(4)(A)(ii) and (5)(B) (requiring district court to consider Guidelines and policy statements, and any amendments thereto, that are "in effect on the date the defendant is sentenced"). Therefore, Castro-Contreras fails to show that the district court plainly erred by failing to consider amendments to § 2L1.2 which were not yet in effect. *See Puckett*, 556 U.S. at 135.

Castro-Contreras also contends that his sentence violates due process because his indictment did not allege the prior conviction on which the 8 U.S.C. § 1326(b)(2) sentence enhancement was based. He correctly concedes, however, that this argument is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224, 235, 239-47 (1998). *See United States v. Pineda-Arellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

AFFIRMED.