# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10625
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO TIRADO-GUERRERO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-247-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roberto Tirado-Guerrero appeals the three-year term of supervised release imposed following his guilty plea conviction for illegal reentry after removal. He argues that his sentence violates due process because it exceeds the statutory maximum sentence authorized by 8 U.S.C. § 1326(a). He concedes that the issue whether his eligibility for a sentencing enhancement under § 1326(b) must be alleged in the indictment and proven to a jury is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10625

foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 226-28, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Tirado-Guerrero's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.