# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2019

Lyle W. Cayce
Clerk

No. 18-11073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES HERRERA-SEGOVIA, also known as Juan Velazquez-Rivera, also known as Jaime Garcia-Zapata,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-421-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Andres Herrera-Segovia appeals the three-year terms of imprisonment and supervised release imposed after he pleaded guilty to illegal reentry after deportation. He argues that his sentence violates due process because it exceeds the statutory maximum sentence of 8 U.S.C. § 1326(a). He concedes that the issue whether his eligibility for a sentencing enhancement under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11073

§ 1326(b) must be alleged in the indictment and proven to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Herrera-Segovia's argument is thus foreclosed.

Accordingly, the Government's motion for summary affirmance is **GRANTED**, the Government's alternative motion for an extension of time to file a brief is **DENIED**, and the judgment of the district court is **AFFIRMED**.