# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLA LEON-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-104-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Carla Leon-Torres appeals the 30-month within-guidelines sentence imposed following her guilty plea conviction of illegal reentry after removal from the United States. She argues that her indictment alleged only those facts sufficient for a conviction under 8 U.S.C. § 1326(a) and did not include any allegations of a prior conviction necessary for a sentence under § 1326(b)(1).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11205

According to Leon-Torres, her sentence under § 1326(b)(1) violates her due process rights by exceeding the two-year statutory maximum imposed by § 1326(a). She concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for further review. The Government has moved unopposed for summary affirmance, agreeing that the issue is foreclosed; in the alternative, the Government moves for an extension of time to file a brief.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not an element of the offense that must be alleged in the indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See, e.g., United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Leon-Torres's argument is foreclosed and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.