# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50371
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN MONDRAGON-ESTRADA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-3406-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jonathan Mondragon-Estrada appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation 8 U.S.C. § 1326(a) and (b)(2). He argues that the enhancement of his sentence pursuant to § 1326(b)(2), which increased his statutory maximum sentence to 20 years of imprisonment and three years of supervised release, is unconstitutional because of the treatment of the provision as a sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50371

factor rather than as an element of a separate offense that must be proved to a jury beyond a reasonable doubt.  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the argument for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Mondragon-Estrada's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.