# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50779
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO MEDINA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-2905-1

Before KING, DENNIS, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Emilio Medina-Rodriguez appeals the 37-month within-guidelines sentence and three-year term of supervised release imposed following his guilty-plea conviction for illegal reentry into the United States. He argues that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(2), which increased the maximum sentence to 20 years of imprisonment and three years of supervised release, is unconstitutional because of the treatment of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provision as a sentencing factor rather than as an element of a separate offense that must be alleged in the indictment and proved to a jury beyond a reasonable doubt. He concedes that the issue whether a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). He contends, however, that subsequent Supreme Court decisions indicate that the Supreme Court may reconsider this issue, and he seeks to preserve the argument for possible Supreme Court review.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Medina-Rodriguez's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.