# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 19-51174
Summary Calendar

June 26, 2020

Lyle W. Cayce
Clerk

Consolidated with 19-51179

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BULMARO SOLIS-COLMENERO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-408-1
USDC No. 2:15-CR-1624-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Bulmaro Solis-Colmenero appeals the 20-month sentence imposed on his conviction for illegal reentry following removal. *See* 8 U.S.C. § 1326. Additionally, he appeals the related revocation of his term of supervised

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release on an earlier conviction for illegal reentry and his eight-month revocation sentence.  *See* 18 U.S.C. § 3583.

Solis-Colmenero pleaded guilty pursuant to a superseding information. He argues that because his information did not specify the prior felony conviction that formed the basis of his sentencing enhancement, his sentence, imposed under 8 U.S.C. § 1326(b)(1), exceeded the two-year maximum sentence under § 1326(a) and therefore violated his due process rights.  The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government correctly argues and Solis-Colmenero correctly concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Solis-Colmenero's appeal from the revocation of supervised release was consolidated with the instant appeal.  But because he has raised no argument with respect to his revocation case, he has abandoned his appeal of the judgment of revocation and of the revocation sentence.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

The Government's motion for summary affirmance is GRANTED, and the district court's judgments are AFFIRMED.  The Government's alternative motion for an extension of time to file its brief is DENIED.