# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2020

Lyle W. Cayce
Clerk

No. 20-10552
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS MANUEL ANCHONDO-QUEZADA, *also known as* JESUS GOMEZ-GOMEZ, *also known as* JESUS MANUEL ANCHANDO-QUEZADA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-25-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Jesus Manuel Anchondo-Quezada appeals the 30-month, within-guidelines sentence imposed following his guilty plea for illegal reentry after removal from the United States. He contends that his sentence is

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unconstitutional because his indictment alleged only those facts sufficient for a conviction under 8 U.S.C. § 1326(a) and did not include any allegations of a prior conviction necessary for a sentence enhancement under § 1326(b)(1). Relatedly, he asserts that his guilty plea was involuntary and that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(G) because it did not admonish him that the fact of a prior conviction is an essential element of the offense. Thus, Anchondo-Quezada requests that we vacate the sentence and remand for resentencing under § 1326(a). He concedes that these arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but he seeks to preserve the issues for further review. The Government filed an unopposed motion for summary affirmance in which it agrees that the issues are foreclosed and, in the alternative, a motion for an extension of time to file a brief.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Therefore, Anchondo-Quezada's arguments are foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.