# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2021

Lyle W. Cayce
Clerk

No. 20-50759
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCELO REYES-GARRIDO,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50766

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCELO GARRIDO-REYES,

*Defendant—Appellant*.

No. 20-50759
c/w No. 20-50766

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-91-1
USDC No. 4:20-CR-246-1

---

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Marcelo Reyes-Garrido appeals the 46-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. He also appeals the concomitant revocation of his supervised release related to his prior conviction for illegal reentry.

Raising one issue on appeal, Reyes-Garrido argues that he is entitled to resentencing for his new illegal reentry conviction because the sentencing enhancement provisions set forth under § 1326(b) are unconstitutional. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 229-35 (1998), and he seeks to preserve the issue for further review. The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Reyes-Garrido agrees, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50759
c/w No. 20-50766

summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Reyes-Garrido's illegal reentry conviction and supervised release revocation were consolidated, he does not address the revocation in his appellate brief. Consequently, he has abandoned any challenge he could have raised to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.