# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2021

Lyle W. Cayce
Clerk

No. 20-50757
consolidated with
No. 20-50775
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Melquiades Galvez-Martinez,

*Defendant- Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-13-1
USDC No. 4:19-CR-56-1

Before King, Smith, and Wilson, *Circuit Judges*.

No. 20-50757
c/w No. 20-50775

PER CURIAM:*

Melquiades Galvez-Martinez appeals his within-guidelines sentence imposed following his guilty plea for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. He also appeals the concomitant revocation of his supervised release related to his prior conviction for transportation of illegal aliens for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i).

Raising one issue on appeal, Galvez-Martinez argues that his illegal reentry sentence, imposed under § 1326(b)(2), violates his due process rights by exceeding the two-year statutory maximum set forth in § 1326(a) because the indictment did not allege a prior conviction necessary for the § 1326(b)(2) enhancement. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998), but seeks to preserve the issue for further review. The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Galvez-Martinez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Galvez-Martinez's illegal reentry conviction and supervised release revocation were consolidated, he does not address the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50757
c/w No. 20-50775

revocation in his appellate brief. Consequently, he has abandoned any challenge to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.