# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2021

Lyle W. Cayce
Clerk

No. 20-50771
CONSOLIDATED WITH
Nos. 20-50778, 20-50788

———

United States of America,

*Plaintiff—Appellee*,

*versus*

Roque Saenz-Quintela,

*Defendant—Appellant*.

———

Appeals from the United States District Court
for the Western District of Texas
No. 4:19-CR-825-1
No. 7:10-CR-353-3
No. 7:09-CR-14-1

———

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Roque Saenz-Quintela appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326.  He also appeals the concomitant revocations of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50771
No. 20-50778
No. 20-50788

supervised release related to his convictions of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841, and conspiracy to distribute and possess with intent to distribute over 5 kilograms of cocaine, in violation of § 841 and 21 U.S.C. § 846.

Raising one issue on appeal, Saenz-Quintela contends that the recidivism enhancement under § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent decisions because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Saenz-Quintela concedes that that theory is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); he seeks to preserve the issue for further review.

The government filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed; in the alternative, the government moved for an extension of time to file its brief.  Saenz-Quintela concedes that the sole issue is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Saenz-Quintela's illegal-reentry conviction and supervised release revocations were consolidated, he does not address the revocations, so he has abandoned any challenge to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Accordingly, the motion for summary affirmance is GRANTED, and the judgments are AFFIRMED.  The government's alternative motion for an extension of time is DENIED.