# United States Court of Appeals for the Fifth Circuit

No. 20-50779
CONSOLIDATED WITH
No. 20-50781
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAFAEL LOPEZ-JIMENEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
No. 4:20-CR-234-1
No. 4:18-CR-647-1

Before KING, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Rafael Lopez-Jimenez appeals the within-guidelines sentence and supervised release imposed following his guilty-plea conviction of illegal

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

reentry after removal.  He also appeals the concomitant revocation of his supervised release related to his illegal-reentry conviction.

Lopez-Jimenez contends that 8 U.S.C. § 1326(b)(1) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review.  The government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file its brief.

As the government maintains, and Lopez-Jimenez concedes, the sole issue on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Lopez-Jimenez's illegal-reentry conviction and supervised-release revocation were consolidated, he does not address the revocation in his appellate brief.  Consequently, he has abandoned any challenge to the revocation or revocation sentence.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Accordingly, the motion for summary affirmance is GRANTED, and the judgments are AFFIRMED.  The government's motion for an extension is DENIED.