# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2021

Lyle W. Cayce
Clerk

No. 21-50259
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN LUIS LARA-ZAVALA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-511-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Juan Luis Lara-Zavala appeals his sentence to 57 months of imprisonment and three years of supervised release, which the district court imposed on his guilty-plea conviction for illegal reentry. He contends that the enhancement of his sentence based on a prior conviction pursuant to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50259

8 U.S.C. § 1326(b)(2) is unconstitutional because the fact of a prior conviction must be charged and proved to a jury beyond a reasonable doubt. While Lara-Zavala acknowledges this argument to be foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve the issue for further review. The Government has moved for summary affirmance on the ground that Lara-Zavala's argument is foreclosed.

The Supreme Court held in *Almendarez-Torres* that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found beyond a reasonable doubt by a jury. 523 U.S. at 239-47. This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Lara-Zavala is thus correct that his argument is foreclosed. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.