# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2021

Lyle W. Cayce
Clerk

No. 21-50402
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

YOVANI MEDINA-AGUILAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-2625-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Yovani Medina-Aguilar pled guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326(a). While this offense carries a punishment of no more than two years, that maximum becomes twenty years if the defendant was convicted of an aggravated felony prior to removal. 8 U.S.C.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50402

§ 1326(a), (b)(2).  At sentencing, the district court applied the twenty-year maximum and sentenced Medina-Aguilar to 38 months of imprisonment and three years of supervised release.

On appeal, Medina-Aguilar asserts that the sentencing enhancement under § 1326(b) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He contends that if the § 1326(b) enhancement is unconstitutional, he is subject to no more than two years of imprisonment and one year of supervised release under § 1326(a).  Medina-Aguilar concedes that his challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review.  The Government has filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file its brief.

As the Government argues, and Medina-Aguilar concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.