# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 21-50516
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Ernesto Montoya-Velasquez,

*Defendant—Appellant*,

consolidated with

No. 21-50534

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Ernesto Montoya-Velazquez,

*Defendant—Appellant*.

No. 21-50516
c/w No. 21-50534

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-722-1
USDC No. 4:21-CR-49-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges.*

Per Curiam:*

Luis Ernesto Montoya-Velasquez appeals his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(2), along with the revocation of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Montoya-Velasquez contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than an element of the offense. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Montoya-Velasquez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED.  The Government's alternative motion for an extension of time is DENIED.