# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51069
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBINO RAMIREZ-MARQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-1431-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Albino Ramirez-Marquez appeals the 39-month term of imprisonment and three-year term of supervised release imposed after he pleaded guilty to illegal reentry after deportation.  He argues that his sentence exceeds the statutory maximum sentence of 8 U.S.C. § 1326(a).  He concedes that the issue whether his eligibility for a sentencing enhancement under § 1326(b) must be alleged in the indictment and proven to a jury is foreclosed by *Almendarez-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51069

*Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Ramirez-Marquez's argument is thus foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.