# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 19-10643
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO GONZALEZ-GATICA, also known as Pedro Garcia-Gonzalez,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-213-1

_____

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Roberto Gonzalez-Gatica appeals the 45-month, below-guidelines sentence imposed following his guilty plea for illegal reentry after removal from the United States. He contends that his sentence is unconstitutional because his indictment alleged only those facts sufficient for a conviction under § 1326(a) and did not include any allegations of a prior conviction necessary for a sentence enhancement under § 1326(b)(2). Relatedly, he asserts that his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty plea was involuntary and that the district court violated Federal Rule of Criminal Procedure 11(c)(1) because it did not admonish him that the fact of a prior conviction is an essential element of the offense. Thus, Gonzalez-Gatica argues that the district court erred in sentencing him to a term of imprisonment greater than the two-year maximum under § 1326(a). He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for further review. The Government filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed, and in the alternative, a motion for an extension of time to file a brief.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Gonzalez-Gatica's argument is foreclosed and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.