# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

No. 19-50788
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER GALINDO-CABALLERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-82-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Javier Galindo-Caballero appeals the 54-month sentence imposed following conviction based on his guilty plea of illegal reentry after having been previously removed. He argues that his sentence was imposed under an unconstitutional statute, 8 U.S.C. § 1326(b). Specifically, he contends that in order to trigger a sentencing enhancement under Section 1326(b), the fact of a prior conviction must be alleged in the indictment and proven to a jury;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore, he asserts that Section 1326(b) is unconstitutional. He correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he makes the argument to preserve it for further possible review. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).

The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief. Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.