# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50787
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JUAN GABRIEL SANCHEZ-HERNANDEZ,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:19-CR-80-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Sanchez-Hernandez appeals the 57-month within-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence and three-year term of supervised release imposed for his conviction of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1).  He contends that the sentence enhancement provisions of § 1326(b) are unconstitutional violations of due process because they increase the mandatory minimum sentences based on prior convictions that do not have to be proven to a jury beyond a reasonable doubt.  He concedes that the issue of whether his eligibility for an enhancement under § 1326(b) must be proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  He seeks only to preserve the issue for possible Supreme Court review because, he maintains, subsequent Supreme Court decisions indicate that the Court may reconsider the issue.

The government moves for summary affirmance or, alternatively, an extension of time to file its brief.  Summary affirmance is appropriate where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162-63 (5th Cir. 1969).  In *Almendarez-Torres*, 523 U.S. at 239–47, the Court held that for a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Thus, Sanchez-Hernandez's argument is foreclosed.

The motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The motion for an extension is DENIED.