# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-50110
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

Consolidated with 20-50111

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN DE LA CRUZ-CHAVEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-728-1
USDC No. 4:17-CR-370-1

Before WIENER, SOUTHWICK, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Martin De La Cruz-Chavez appeals the 16-month sentence imposed after his guilty plea conviction for illegal reentry after deportation. He also appeals the revocation of his term of supervised release that was imposed in connection with his prior conviction for transportation of illegal aliens for financial gain.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, De La Cruz-Chavez does not brief any argument as to his revocation or revocation sentence and, accordingly, has abandoned any related claim. *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).

De La Cruz-Chavez maintains that the sentence for his illegal-reentry conviction was imposed under an unconstitutional sentencing provision, i.e., 8 U.S.C. § 1326(b)(2). He suggests that § 1326(b) impermissibly provides that a defendant's sentence can be enhanced even if the fact of a prior conviction is not set forth in the indictment and proved beyond a reasonable doubt. De La Cruz-Chavez properly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he raises the issue to preserve it for possible further review. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief. Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Thus, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgments of the district court are AFFIRMED.