# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2020

Lyle W. Cayce
Clerk

No. 20-10101
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAUL ALMANZA-PORTILLO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-216-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Raul Almanza-Portillo appeals his 41-month, within-guidelines range sentence for illegal entry following removal. *See* 8 U.S.C. § 1326(a), (b)(1). He contends that his being sentenced pursuant to § 1326(b)(1) based on a prior felony conviction, which increased the statutory maximum sentence for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10101

his illegal reentry offense to 10 years, is unconstitutional because the fact of his prior conviction was neither alleged in the indictment, nor found by a jury beyond a reasonable doubt, nor admitted by him following a proper admonishment. Almanza-Portillo concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review because, in his appreciation, there is reason to believe the Court may revisit *Almendarez-Torres*. The Government moves for summary affirmance, urging that Almanza-Portillo's argument is foreclosed or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Almanza-Portillo's argument is clearly foreclosed by *Almendarez-Torres*. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *see generally Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time is DENIED. The judgment is AFFIRMED.