# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2020

Lyle W. Cayce
Clerk

No. 20-50536
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Edmundo Bustamante-Muniz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-844-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Edmundo Bustamante-Muniz appeals his sentence of 57 months of imprisonment and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal reentry into the United States after deportation.  He argues that the recidivism enhancement under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50536

8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government moves for summary affirmance, asserting that Bustamante-Muniz's argument is foreclosed.

The parties are correct that Bustamante-Muniz's assertion is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.