# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2021

Lyle W. Cayce
Clerk

No. 20-50627
CONSOLIDATED WITH
No. 20-50631
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROSALIO BARRAZA-SOTO,

*Defendant—Appellant.*

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-831-1
USDC No. 4:20-CR-55-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Rosalio Barraza-Soto appeals the 24-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. **Error! Reference source not found.**
c/w No. 20-50631

removal from the United States, in violation of 8 U.S.C. § 1326.  He also appeals the concomitant revocation of his supervised release related to his prior conviction for illegal reentry.

Raising one issue on appeal, Barraza-Soto argues that his new illegal reentry sentence, imposed under § 1326(b)(1), violates his due process rights by exceeding the two-year statutory maximum set forth in § 1326(a) because the indictment did not allege a prior conviction necessary for the § 1326(b)(1) enhancement.  He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but he seeks to preserve the issue for further review.  The Government filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Barraza-Soto concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Barraza-Soto's illegal reentry conviction and supervised release revocation were consolidated, he does not address the revocation in his appellate brief.  Consequently, he has abandoned any challenge to the revocation or revocation sentence.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.