# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2021

Lyle W. Cayce
Clerk

No. 20-50722
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mayra Vanessa Gandara Escarcega,

*Defendant—Appellant*,

consolidated with

No. 20-50727

United States of America,

*Plaintiff—Appellee*,

*versus*

Mayra Vanessa Gandara-Escarcega,

*Defendant—Appellant*.

No. 20-50722
c/w No. 20-50727

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-862-1
USDC No. 4:19-CR-800-1

---

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.
PER CURIAM:*

Mayra Vanessa Gandara Escarcega appeals the within-guidelines sentence of 30 months of imprisonment and three years of supervised release imposed following her guilty plea conviction for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. She also appeals the concomitant revocations of her supervised release terms related to her prior convictions for attempted money laundering and conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana and five kilograms or more of cocaine.

Raising one issue on appeal, Gandara Escarcega argues that she is entitled to resentencing for her new illegal reentry conviction because the sentencing enhancement provisions set forth under § 1326(b) are unconstitutional. She concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 229-35 (1998), and she seeks to preserve the issue for further review. The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50722
c/w No. 20-50727

As the Government argues, and Gandara Escarcega agrees, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Gandara Escarcega's illegal reentry conviction and supervised release revocations were consolidated, she does not address the revocations in her appellate brief. Consequently, she has abandoned any challenge she could have raised to the revocations or revocation sentences. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.