# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2021

Lyle W. Cayce
Clerk

No. 20-51021
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ramiro Medina-Oliden,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1291-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Ramiro Medina-Oliden appeals the within-guidelines sentence of 57 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegally reentering the United States following removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-51021

Medina-Oliden argues that § 1326(b)(1) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He concedes, however, that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but wishes to preserve the issue for further review.   The Government has moved, unopposed, for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government argues, and Medina-Oliden concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp.*, *Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.