# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2021

Lyle W. Cayce
Clerk

No. 20-51043
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL MARROQUIN-SANTIAGO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 2:19-CR-1548-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Daniel Marroquin-Santiago appeals the 30-month, within-guidelines sentence and three-year term of supervised release imposed for illegal reentry after removal. He contends that his sentence is unconstitutional because 8 U.S.C. § 1326(b) permits a sentence above the otherwise applicable statu-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-51043

tory maximum found in § 1326(a) without requiring that the necessary facts be alleged in an indictment and proven beyond a reasonable doubt.

Marroquin-Santiago requests that we vacate and remand for resentencing under § 1326(a), but he concedes that his position is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); he seeks to preserve the issue for further review. The government filed an unopposed motion for summary affirmance in which it agrees that the issue is foreclosed; in the alternative, it seeks an extension to file its brief.

In *Almendarez-Torres*, *id.* at 239–47, the Court held that, for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Therefore, Marroquin-Santiago's contentions are foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The alternative motion for an extension is DENIED as moot.