# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 21-10073
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OFELIO ARVIZU-LOREDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-217-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Ofelio Arvizu-Loredo appeals his conviction and sentence following his guilty plea to illegal reentry after deportation under 8 U.S.C. § 1326(b)(2). Because the indictment did not specify a prior felony conviction as the basis of his statutory sentencing enhancement, he argues that his sentence of 20

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10073

months of imprisonment and 3 years of supervised release was erroneous because it exceeded the statutory maximum sentence set forth in Section 1326(a). Arvizu-Loredo also argues that the sentencing enhancement scheme of Section 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that his guilty plea is invalid because he was not admonished that a prior conviction is an element of the offense. The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government argues and Arvizu-Loredo concedes, his arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Accordingly, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED as unnecessary.