# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2021

Lyle W. Cayce
Clerk

No. 21-50114
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE BURCIAGA-ALCANTAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-318-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jose Burciaga-Alcantar appeals his sentence of 37 months of imprisonment and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal reentry. He argues that 8 U.S.C. § 1326(b), which was used to enhance his sentence, is

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unconstitutional because it increases the statutory maximum sentence based on the fact of a prior conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review.  The Government moves for summary affirmance, asserting that Burciaga-Alcantar's argument is foreclosed.

The parties are correct that the sole issue raised on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.