# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2021

Lyle W. Cayce
Clerk

No. 21-50257
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN PABLO MARTINEZ-CEBALLOS,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50265

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN PABLO MARTINEZ-GARCIA,

*Defendant—Appellant*.

No. 21-50257
c/w No. 21-50265

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-490-1
USDC No. 4:20-CR-435-1

---

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges.*

PER CURIAM:*

Juan Pablo Martinez-Ceballos appeals the sentence imposed following his guilty-plea conviction of illegal reentry, as well as the revocation of the term of supervised release he was serving at the time of the offense. Because his brief does not address the validity of the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The sole argument Martinez-Ceballos raises on appeal is that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(1) is unconstitutional because the fact of a prior conviction must be charged and proved to a jury beyond a reasonable doubt. He acknowledges this argument to be foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve the issue for further review. The Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

The Supreme Court held in *Almendarez-Torres* that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found beyond a reasonable doubt by a jury. 523 U.S. at 239–47. This court has held that subsequent Supreme Court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50257
c/w No. 21-50265

decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Therefore, Martinez-Ceballos is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the district court's judgments are AFFIRMED.