# United States Court of Appeals
# for the Fifth Circuit

No. 21-50382
CONSOLIDATED WITH
Nos. 21-50384, 21-50398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO RODRIGUEZ-GARCIA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-88-1
USDC No. 7:12-CR-306-1
USDC No. 4:20-CR-537-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50382
c/w Nos. 21-50384, 21-50398

Sergio Rodriguez-Garcia appeals the sentence imposed following his guilty-plea conviction for illegal reentry, as well as the revocations of the terms of supervised release he was serving at the time of the offense. Because his brief does not address the validity of the revocations or the revocation sentences, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The sole argument Rodriguez-Garcia raises on appeal is that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(1) is unconstitutional because the fact of a prior conviction must be charged and proved to a jury beyond a reasonable doubt. He acknowledges this argument to be foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve the issue for further review. The Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

The Supreme Court held in *Almendarez-Torres* that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found beyond a reasonable doubt by a jury. 523 U.S. at 239-47. This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Therefore, Rodriguez-Garcia is correct that his argument is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments are AFFIRMED.