# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2021

Lyle W. Cayce
Clerk

No. 21-50500
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO CONTRERAS-ROJAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-579-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:

Fernando Contreras-Rojas appeals the sentence imposed following his guilty plea conviction of illegal reentry. The sole argument Contreras-Rojas raises on appeal is that the enhancement of his sentence under 8 U.S.C. § 1326(b)(1) is unconstitutional because the fact of a prior conviction was neither found by a jury nor alleged in the indictment. He acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve the issue for further

No. 21-50500

review. The Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

*Almendarez-Torres* held that a prior conviction is not a fact that must be alleged in an indictment or found beyond a reasonable doubt by a jury for purposes of a statutory sentencing enhancement. 523 U.S. at 239-47. This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See*, *e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Accordingly, Contreras-Rojas's concession of foreclosure is correct, and summary judgment is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Over fourteen years ago, this court opined that appeals based on *Almendarez-Torres* are virtually all frivolous. *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). After hundreds, if not thousands, more cases challenging *Almendarez-Torres*, we reiterate and reaffirm our statement that "[i]n the future, barring new developments in Supreme Court jurisprudence, arguments seeking reconsideration of *Almendarez-Torres* will be viewed with skepticism." *Id.* at 626. We urge "appellants and their counsel not to damage their credibility with this court by asserting non-debatable arguments." *Id.* at 626. We meant it then and mean it now.

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.