# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2021

Lyle W. Cayce
Clerk

No. 21-10432
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Jaime-Guzman,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-40-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Juan Jaime-Guzman appeals his 36-month above-guidelines prison term imposed following his guilty plea for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. He argues that the district court erred in sentencing him to a term of imprisonment in excess of two

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

years and to a term of supervised release in excess of one year. As subsidiary issues, he argues that under the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), § 1326(b) is unconstitutional because Congress intended the enhancements to be sentencing factors, not elements of separate offenses, and that his guilty plea was involuntary and taken in violation of Federal Rule of Criminal Procedure 11 because he was not admonished that the prior felony provision of § 1326(b)(1) stated an essential offense element. He concedes that his arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but he seeks to preserve these issues for further review. The Government filed an unopposed motion for summary affirmance agreeing that these issues are foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Jaime-Guzman concedes, the issues raised on appeal are foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issues are foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.