# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 21-50520
consolidated with
No. 21-50521
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE ARNULFO PULIDO-MENDEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the for the Western District of Texas
No. 4:19-CR-221-1
No. 4:21-CR-47-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

In 2021, Jose Pulido-Mendez pleaded guilty of illegal reentry in viola-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

tion of 8 U.S.C. § 1326 and was sentenced to 21 months of imprisonment and a three-year term of supervised release ("SR"). At the time of the offense, Pulido-Mendez was serving a three-year term of SR resulting from a 2019 illegal-reentry conviction. Based on the new illegal-reentry offense, the district court revoked Pulido-Mendez's prior term of SR and sentenced him to 14 months of imprisonment, to be served consecutively to the 21-month term.

In this consolidated appeal of both judgments, Pulido-Mendez challenges only the sentence he received following his guilty plea conviction on the new illegal-reentry offense. He makes no argument challenging the revocation of his SR or the sentence imposed upon revocation. He has thus abandoned any such challenge by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

With respect to his new illegal-reentry sentence, Pulido-Mendez asserts, for the first time, that the sentencing enhancement in 8 U.S.C. § 1326(b) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He contends that, if the § 1326(b) enhancement is unconstitutional, he is subject to no more than two years of imprisonment under § 1326(a) and, thus, one year or less of SR. *See* 18 U.S.C. §§ 3559(a)(5), 3583(b)(3).

Pulido-Mendez concedes that his challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. Agreeing that the issue is foreclosed, the government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

As the government maintains and Pulido-Mendez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*, *id.* at 239–47. *See*

No. 21-50520
c/w No. 21-50521

*United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgments are AFFIRMED.  The government's alternative motion for an extension of time to file a brief is DENIED.