# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2021

Lyle W. Cayce
Clerk

No. 21-50509
CONSOLIDATED WITH
No. 21-50545
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRIQUE CADENA-RODRIGUEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-584-1
USDC No. 4:21-CR-58-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Enrique Cadena-Rodriguez appeals his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(2) for illegally reentering the United States after

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50509
c/w No. 21-50545

a deportation. He also appeals the revocation of the supervised release terms imposed for convictions in a separate proceeding. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the first time on appeal, Cadena-Rodriguez contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than an element of the offense. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Cadena-Rodriguez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED as unnecessary.