# United States Court of Appeals for the Fifth Circuit

---

No. 22-40348
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Villatoro-Avila,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-361-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jose Villatoro-Avila appeals his 27-month, above-guidelines range sentence for illegal reentry following deportation. *See* 8 U.S.C. § 1326(a), (b)(2). Relying on *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi*

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*v. New Jersey*, 530 U.S. 466 (2000), he contends that the district court erred by exposing him to an enhanced statutory maximum sentence of 20 years under § 1326(b)(2) based on a finding that his removal was subsequent to a conviction for an aggravated felony because the fact of his prior conviction was neither alleged in the indictment nor proven beyond a reasonable doubt to the trier of fact. Villatoro-Avila, however, concedes that this argument is foreclosed by *United States v. Almendarez-Torres*, 523 U.S. 224 (1998), and he raises it only to preserve the issue for future Supreme Court review. Accordingly, he moves for summary disposition.

In *Almendarez-Torres*, the Supreme Court held that a prior conviction used to increase a defendant's maximum sentence under § 1326(b) is a sentencing factor, not an element of the offense that must be charged in the indictment and proven to a jury. 523 U.S. at 228, 235. *Almendarez-Torres* "remains binding precedent until and unless it is officially overruled by the Supreme Court." *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007). This court recently reaffirmed that neither *Alleyne* nor *Apprendi* overruled *Almendarez-Torres*. *United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Consequently, Villatoro-Avila is "clearly right" that *Almendarez-Torres* forecloses appellate relief on his claim of sentencing error, "so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary disposition is GRANTED, and the judgment is AFFIRMED.